OPINION
PER CURIAM.
Petitioner Tania Padgett-Zelaya seeks review of an August 31, 2009 decision of the Board of Immigration Appeals that denied as time and number-barred her second motion to reopen immigration proceedings. The Government has moved for summary affirmance of the Board’s decision. For the reasons that follow, we grant the motion and will deny Padgett’s petition for review.
I.
Padgett is a native and citizen of Honduras. She entered the United States unlawfully in 2002, and was served with a Notice to Appear in October 2007. We summarized the bulk of Padgett’s procedural history in a previous opinion, see Padgett-Zelaya v. Att’y Gen., 332 Fed.Appx. 797 (3d Cir.2009), and incorporate that history here by reference. It suffices to say that after we denied Padgett’s prior petition for review, she filed her second motion to reopen proceedings with the Board. That motion was predicated on new evidence regarding the 2003 arrest warrant from Honduran authorities, and a related extradition request, that implicated Padgett in the murder of a man in her native country.[1] Padgett alleged that this new evidence “shows that the government of Honduras, in late 2008 had exonerated [her] from all wrongdoing in the death of [the murder victim].”
The Board determined that Padgett’s motion was barred by procedural rules governing the time and number limitations *687 for motions to reopen, and that the “changed country conditions” exception to those rules did not apply. The Board also determined that Padgett “has not shown that an ‘exceptional situation’ exists that would warrant the Board’s exercise of its limited discretion to reconsider or reopen these proceedings sua sponte.” Padgett appealed. The Government has moved for summary affirmance of the Board’s decision, and Padgett has filed her opposition.
II.
We have jurisdiction under 8 U.S.C. § 1252. We review the Board’s denial of a motion to reopen using an abuse of discretion standard. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005); see also Cruz v. Attorney General of the United States, 452 F.3d 240, 242 (3d Cir.2006). Under this standard, we may reverse the Board’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). Summary affirmance is reserved for situations where, for example, “no substantial question” is presented by the appeal, or where “subsequent precedent ... warrants such action.” See Third Circuit LAR 27.4 and I.O.P. 10.6; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002).
III.
We will grant the Government’s motion for summary affirmance because this appeal presents no “substantial question.” Barring exceptions not applicable to the facts of this case, motions to reopen must be filed within 90 days from the date “the final administrative decision was rendered,” and only one such motion is allowed. 8 C.F.R. § 1003.2(c)(2).[2] Though it erred in determining that Padgett’s motion to reopen was untimely, the Board did not abuse its discretion in determining that Padgett’s second motion to reopen exceeded the statutory numerical limitations. Padgett’s first motion to reopen, filed on June 10, 2008, 2008 WL 3861929, was denied by the Board on July 10, 2008. Her second, filed on July 1, 2009, sought to reopen proceedings that were terminated by the Board on June 3, 2008, 2008 WL 2401020, when it ordered Padgett removed to Honduras.[3] Thus, it is clear that Padgett’s second motion to reopen was number-barred.[4] Finally, and as the Government correctly points out, this Court lacks jurisdiction to review the Board’s decision *688 not to reopen proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir.2003) (“[b]eeause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case”).
Accordingly, the Government’s motion is granted, and we will deny the petition for review.

. The Board had weighed the arrest warrant, along with other factors, in determining that Padgett was not entitled to a discretionary grant of adjustment of status pursuant to 8 U.S.C. § 1255(a).

. Petitioner argues that 8 C.F.R. § 1003.2(c)(1) provides an applicable exception for claims based on "new evidence," but that provision is not an exception to the procedural rules governing motions to reopen. Instead it provides that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.; see also Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir.2006).

. The Government incorrectly asserts that the Board’s February 5, 2008, 2008 WL 655798, decision, which merely remanded proceedings to the Immigration Judge, is the lodestar for determining timeliness. In fact, the "final administrative decision” for § 1003.2(c)(2) purposes is the date that the Board terminates the proceedings, either by, for example, a final order of removal, see Orekhova v. Gonzales, 417 F.3d 48, 51 (1st Cir.2005), or the denial of a motion to reopen. See Nevarez v. Holder, 572 F.3d 605, 607 (9th Cir.2009). When Padgett filed her second motion to reopen on July 1, 2008, the "final administrative decision” was the Board's June 3, 2008 order of removal and, as a result, Padgett's motion was filed well within 90 days from that date.

.While Padgett argues that she is entitled to have the motion to reopen procedural limitations equitably tolled, she did not raise this issue below. We thus lack jurisdiction to consider it. See Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir.2009)